CEVENE, Respondent, vs. CEVENE, Appellant.

*September 15—October 4, 1910.*

*Divorce: Division of property derived from husband: Title in wife.*

Real and personal property accumulated and paid for from a husband's earnings and from the income from sales of produce raised on the land principally by the labor of the wife and children, must in a divorce action be deemed to have been derived from the husband and to be a part of his estate which may be divided between the parties, even though the title to a part of such property be in the wife's name.

APPEAL from a judgment of the municipal court of Outagamie county: THOMAS H. RYAN, Judge. *Affirmed.*

This is an action for divorce. The parties were married

in 1875.   For more than twenty years prior to the commence-
ment of the action the wife and children resided upon a ten-
acre tract of land a few miles from the city of Appleton.
With the assistance of the children the wife cultivated this
tract, raised fruits, berries, and vegetables and disposed of
them.   Except for short periods during the winters the hus-
band worked in the city as a laborer.   After deducting an
amount from his wages to give him a frugal living, he turned
the balance over to his wife during almost all of their mar-
ried life.   The ten-acre tract has been paid for out of his
earnings and the income from the sale of produce therefrom;
about $300 worth of personal property has been likewise ac-
cumulated on the farm, and there was deposited in savings
bank certificates in the wife's name the amount of $1,375,
also accumulated from the husband's earnings and the sale of
produce from the land.   The title to the land is in both the
husband and the wife.

The husband brings this action for divorce, alleging cruel
and inhuman treatment on the part of the wife.   He charges
that during the past ten years she quarreled with him without
provocation and made his home life unbearable; that she called
him vile names and accused him of being intimate with other
women; and that in the month of February, 1909, she as-
saulted him and forcibly expelled him from the house, forbade
his returning thereto, and expressed herself as well rid of him.

The defendant denies that she was guilty of cruel and in-
human treatment as charged in the complaint; alleges that
the husband has failed to support her and the children; that
the support of the family has been provided by her with the
assistance of the children; and alleges that the husband is in-
fatuated with a young girl and is desirous of securing a di-
vorce in order to marry this affinity.

The court found the defendant guilty of the cruel and in-
human treatment charged against her and granted a divorce
from bed and board; ordered an equal division of the prop-

erty, which was found to consist of this ten-acre tract, valued at $1,500, the personal property thereon valued at $330, and the bank certificates for $1,375; gave the defendant the option of taking the land at $1,500 and personalty of the value of $102.50 or to take $1,602.50 in money; and awarded the plaintiff the other half of the property. This is an appeal from the judgment.

The record does not include in the clerk's certificate the *ne exeat* proceeding instituted by the plaintiff against the defendant, charging that she is about to depart from the state and take with her the moneys deposited in the bank and the proceeds of a sale of all the personal property and household goods, nor the return of the sheriff stating that he has been unable to make service upon the defendant because she has departed from the state. Since this proceeding is not part of the record, the suggestion of respondent's counsel that the appellant has exercised the option given her by the court and accepted the judgment cannot be considered.

The cause was submitted for the appellant on the brief of *A. M. Spencer,* and for the respondent on that of *Francis S. Bradford.*

SIEBECKER, J. Appellant's contention that the trial court's findings on the facts at issue are against the clear preponderance of the evidence is not sustained by the record. The evidence is ample to sustain the conclusion that the defendant's treatment of the plaintiff caused him great suffering of mind and endangered his health and rendered it well nigh impossible for the plaintiff to cohabit with the defendant and discharge his marital obligations. Upon the facts disclosed the court was justified in granting the divorce it did.

It is urged that the defendant's interest in the real estate constituted her separate estate; that it was not derived from her husband, and therefore that she could not be divested thereof by the judgment in this action decreeing a final di-

vision and distribution between the parties of the husband's estate. This claim is negatived by the court's finding on the subject. It was shown and was so found by the court that the real estate and personal property now owned by the parties, as well as the money in the bank, were accumulated from the husband's earnings and the income from the farming enterprise conducted principally by the wife and children. Under these circumstances it cannot be said that any of this property constituted the wife's separate estate. It must be held to have been derived from the plaintiff and be considered a part of his estate. Under these circumstances this constitutes the husband's estate, and it was appropriate to make a final division and distribution thereof between the parties. We find the court so treated it, and are of the opinion that a just and equitable portion thereof was awarded to the wife.

*By the Court.*—The judgment appealed from is affirmed.