TOWN OF GREENFIELD, Respondent, vs. CITY OF MILWAU-KEE, Appellant.

*March 9—April 3, 1956.*

For the appellant there were briefs by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski* and *John F. Cook,* assistant city attorneys, and oral argument by *Mr. Maruszewski* and *Mr. Cook.*

For the respondent there was a brief by *Paul Gauer,* attorney, and *Robert J. Buer* and *Samuel P. Murray* of counsel, all of Milwaukee, and oral argument by *Mr. Murray.*

MARTIN, J. There is no dispute in the facts. The petition for annexation was signed by the owners of all the taxable property within the area according to the last tax roll. There were no signatures of electors on the petition, although at the time it was circulated and filed two electors, Rudolph and Laura Brunn, tenants of an owner who signed, resided within the area. When the petition was circulated said electors were intending to move out of the territory. The petition was filed with the city clerk on September 7, 1954, and on that same date an ordinance of annexation was introduced before the common council and the petition referred to committee. Thereafter the proposed ordinance was published as required by law and was adopted by the council on November 16, 1954.

The trial court held that the petition was invalid when it was filed and the common council acquired no jurisdiction to act upon it. We agree.

The power granted by the legislature to municipalities to extend their boundaries must be exercised in strict con-

formity with the statute conferring it. *Town of Madison v. City of Madison* (1955), 269 Wis. 609, 70 N. W. (2d) 249.

Sec. 62.07 (1), Stats., prescribes that territory adjacent to a city may be annexed thereto upon presentation to the council of a petition "signed by a majority of the electors in such adjacent territory and by the owners of one half of the real estate within the limits of the territory proposed to be annexed" or "if no electors reside in the said adjacent territory signed by the owners of one half of taxable property therein according to the last tax roll" or "by a majority of the electors and the owners of one half of the real estate in assessed value." It also provides that an ordinance annexing said territory shall be introduced at a meeting of the council after the filing of the petition; that it be published once each week for four successive weeks and thereafter be adopted by two thirds of all the members of the council.

Here the electors in question, the Brunns, resided in the area at the time the petition was circulated; they resided there on September 7, 1954, when the petition was filed, the ordinance introduced, and the petition referred to committee. They moved from the territory sometime late in October and were not within the area on November 16, 1954, when the ordinance was adopted.

It is appellant's position that if the petition satisfies the statutory requirements at the time the ordinance is passed it gives the council jurisdiction. The city relies on *Blooming Grove v. Madison* (1948), 253 Wis. 215, 33 N. W. (2d) 312, in which this court held that subsequent to the filing of the petition additional petitions may be filed and signatures withdrawn at any time prior to the council's adoption of the annexation ordinance. From this the conclusion is drawn that the sufficiency of the petition is to be determined as of the date of the adoption of the ordinance. The conclusion is erroneous.

In the *Blooming Grove Case* the petition was valid when filed and the city obtained jurisdiction immediately. Any action by the council thereafter would be voidable if withdrawals reduced the signatures to less than the required number at the time the ordinance was adopted and if the validity of the proceedings were questioned within the ninety days after passage of the ordinance (sec. 62.07 (3), Stats.)— but any such action would not be void. The council had acquired jurisdiction.

The annexation procedure provided by the legislature must be strictly followed. All the steps specified by the statute must be taken in the order prescribed. After the filing of the petition the first step to be taken by the council is the introduction of the annexation ordinance, followed by publication and, finally, adoption. In the instant case the ordinance was introduced on the same day that the petition was filed. The petition being invalid, the introduction of the ordinance was a nullity. It follows that the subsequent publication and adoption were likewise null and void. See *Wilson v. Sheboygan* (1939), 230 Wis. 483, 283 N. W. 312. So far as the question of the council's jurisdiction is concerned, the validity of the petition must be determined as of the date it is filed. In *State ex rel. Madison v. Walsh* (1945), 247 Wis. 317, 321, 19 N. W. (2d) 299, this court said:

"The law requires the circulation and filing of a valid petition to give the common council jurisdiction in an annexation matter."

Admittedly the petition was invalid when filed since it was not signed by the electors who then resided in the territory. It conferred no jurisdiction and all the proceedings of the council thereafter were void and of no effect. A change of circumstances in the territory subsequent to filing cannot make an invalid petition valid.

*By the Court.*—Judgment affirmed.