FISH CREEK PARK COMPANY, Plaintiff, vs. VILLAGE OF BAYSIDE, Defendant and Respondent: TOWN OF MEQUON, Petitioner and Appellant.

*April 4—May 1, 1956.*

For the appellant there was a brief by *George D. Young,* attorney, and *H. W. Schuler* of counsel, both of Milwaukee, and oral argument by *Mr. Schuler.*

For the respondent there was a brief and oral argument by *Suel O. Arnold* of Milwaukee.

BROADFOOT, J.   Among the statutes to which our attention has been directed herein are the following:

260.19 (1) "When a complete determination of the controversy in court cannot be had without the presence of other parties, or when persons not parties have such interests in the subject matter of the controversy as require them to be parties for their protection, the court shall order them brought in; and when in an action for the recovery of property a person not a party has an interest therein and makes application to the court to be made a party it may order him brought in."

66.029 "In proceedings whereby territory is attached to or detached from any town, the town is an interested party, and the town board may institute, maintain, or defend an action brought to test the validity of such proceedings, and may be interpleaded in any such action."

62.07 (3) "The ordinance authorized by subsection (1) (b), and the final ordinance of acceptance authorized by section 62.07 (2) (b), shall not operate to attach or detach the territory until ninety days after the passage thereof, or in case of referendum, ninety days after its approval, . . . The validity of the proceedings shall not be collaterally attacked, nor in any manner called in question in any such court unless the proceedings therefor be commenced before the expiration of either of the ninety-day periods herein provided for."

The town contends that sec. 66.029, Stats., expressly gives it an interest in the subject matter of this action. That is conceded by the defendant.

The town then contends that its interest is such as to require it to be made a party to this action for its protection under the provisions of sec. 260.19 (1), Stats. Therefore, it was mandatory that the trial court grant its petition and that the trial court erred in assuming that the town was required to apply for intervention within ninety days after the adoption of the annexation ordinance. The town also contends

that matters other than the validity of the annexation proceedings may arise relating to or growing out of the annexation and that all such matters should be considered and determined in this action.

The petition for intervention merely recited that the town had an interest in the subject matter. No further attempt was made to show that the town had such an interest as to require it to be made a party for its protection. In *State ex rel. Madison v. Walsh,* 247 Wis. 317, 321, 19 N. W. (2d) 299, this court said:

"The law requires the circulation and filing of a valid petition to give the common council jurisdiction in an annexation matter. The towns are entitled at any time to attack the proceedings by a showing that the original petition filed with the council was invalid."

No time limit was stated in the decision in said case and such an action by the town could be commenced within a reasonable time. Thus, the town could still commence such an action and its rights in that regard are not prejudiced by the determination of the trial court and it was not necessary to grant its petition for the protection of the town on that point.

As to other matters that might arise relating to the annexation, the town merely suggests that questions may arise concerning the apportionment of assets and income and other taxes. If any disputes should arise in the future concerning said matters the town will be able to have them reviewed in a proper action.

In its presentation of its argument the town fails to distinguish between proper parties and necessary parties to an action. The statutes relating to the interpleader or intervention of parties in an action already commenced have been given liberal interpretation by this court. There are many instances where it is necessary that additional parties be brought in so that a complete determination of an action may

be had. If a showing is made to the trial court that an additional party is necessary to properly determine an action, the trial court must direct interpleader or permit intervention. No such showing is made in the matter before us.

When it appears that an additional party has an interest in the subject matter of an action, the matter of interpleader or intervention is within the sound discretion of the trial court. *Mash v. Bloom,* 126 Wis. 385, 105 N. W. 831; *Muscoda Bridge Co. v. Worden-Allen Co.* 196 Wis. 76, 219 N. W. 428. It may be, as contended by the town, that the trial court was influenced by the fact that the petition for intervention was made more than ninety days after the adoption of the annexation ordinance. However, under the circumstances indicated by the record before us, the town was merely a proper party and not a necessary party. Upon the record here we cannot say that the trial court abused its discretion in denying the town permission to intervene.

*By the Court.*—Order affirmed.