SCHATZMAN, Plaintiff, vs. TOWN OF GREENFIELD, Respondent: CITY OF MILWAUKEE, Appellant. *

*May 4—June 5, 1956.*

* Motion for rehearing denied, with $25 costs, on September 11, 1956.

For the appellant there was a brief by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski* and *John F. Cook,* assistant city attorneys, and oral argument by *Mr. Maruszewski.*

For the respondent there was a brief by *Paul Gauer,* attorney, and *Robert J. Buer* of counsel, both of Milwaukee, and oral argument by *Mr. Buer.*

For the plaintiff there was a brief by *Schroeder, Sheets & Schroeder, Robert W. Schroeder,* and *Clyde E. Sheets,* all of Milwaukee, and oral argument by *Clyde E. Sheets.*

BROWN, J.    The statute from which the city claims its right to be interpleaded is:

"260.19 PARTIES INTERPLEADED.  (1) When a complete determination of the controversy in court cannot be had without the presence of other parties, or when persons not parties have such interests in the subject matter of the controversy as require them to be parties for their protection, the court shall order them brought in; . . ."

The city submits that it has such an interest in the subject matter of the controversy that it must be made a party for its own protection; also that a complete determination of the controversy cannot be had unless it is a party.  Therefore, it contends that it was error as a matter of law and also an abuse of discretion on the part of the trial court to deny its application for intervention and interpleader.

The controversy in which the city wishes to intervene is stated by plaintiff's amended complaint which alleges that

the town is not urban in character; that the resolution of the town board providing for referendum and the petition for referendum are defective and legally insufficient in specified particulars; and that certain areas of the town are already in various stages of annexation to the city of Milwaukee. It is self-evident that these issues do not require participation by the city for a complete determination.

The city's avowed interests in the subject matter of the controversy rest on its allegations that at the time the town began incorporation proceedings the city had already started proceedings to annex certain town areas; that the city is already servicing those areas to some extent; that if the town succeeds in its purpose to become a city the necessary and proper expansion of the city of Milwaukee into the town of Greenfield will be thwarted; that the city owns property in the area whose incorporation is sought.

The town's incorporation proceedings carefully and expressly exclude from the territory to be incorporated all areas in which valid annexation proceedings were underway when the present incorporation proceedings were begun; but the town's incorporation proceedings include any town areas in which the city's pending annexation proceedings shall be unsuccessful. We express no opinion concerning the efficacy of such a contingent description in an incorporation proceeding. Whether this would bring such a tract into the area to be incorporated or not, in the event that the city's effort to annex the territory should fail, is immaterial for the town's procedure does not interfere in the slightest with the right of the city to go on with annexations already commenced, to which the town concedes priority. The controversy between Schatzman and the town makes no attack on the annexation procedure, thus distinguishing the present case from that of *In re Incorporation of Village of St. Francis* (1932), 208 Wis. 431, 243 N. W. 315, and *In re Incorporation of Village of St. Francis* (1932), 209 Wis. 645, 245 N. W. 840, relied

on by the city. There is nothing in this respect in the action between Schatzman and the town for the city to defend against, no position for it to maintain, no city interest which is attacked or which requires or justifies city presence in the action.

The city submits that it is furnishing services of an undisclosed nature to some of the areas in which annexation proceedings are pending and that it is a property owner in the territory for which incorporation is sought. It contends that either or both such facts give it interests which make it a proper party for interpleader. *In re Village of Chenequa* (1928), 197 Wis. 163, 221 N. W. 856, disposes of this claim. It was held (headnote 2) : "In proceedings under the statute to incorporate a village, only residents in the territory proposed to be incorporated have any interest in the proceedings, . . ." Neither the furnishing of services nor the ownership of property make the city a resident. Impairment of some more-immediate right must be shown to require the city's interpleader.

The city contends, further, that the incorporation will cut off the necessary and proper expansion of the city. It is a startling proposition that a city has a right, which a court must recognize, to commence or participate in an action to block the attempt of electors in another municipality to choose their own form of local government. Formerly we denied that there was any such right, even when the objecting municipality was losing territory by the incorporation or annexation. *In re Mosinee* (1922), 177 Wis. 74, 187 N. W. 688; *In re Village of Chenequa, supra.* In those cases we held that the objecting town was not even a *proper* party to oppose the annexation or appeal from an order annexing territory in the town to a village. In 1933 the legislature enacted sec. 66.029, Stats., declaring:

"Town boundaries, actions to test alteration. In proceedings whereby territory is attached to or detached

from any town, the town is an interested party, and the town board may institute, maintain, or defend an action brought to test the validity of such proceedings, and may be interpleaded in any such action."

Even there the legislature did not say that the town was a *necessary* party. There is no such enactment in favor of the intervention of cities and, if there was, the incorporation does not attach or detach any territory to or from the city, nor are its boundaries altered in any respect if the proposed incorporation is accomplished. The only loss is of territory which the city now has no claim to but which it would like to reserve for its future attempt to annex.

None of the alleged interests of the city constitute it a necessary party to the controversy between Schatzman and the town. We strongly doubt that it is even a proper party but, if it is, its interpleader would lie in the sound discretion of the trial court, and for that court to deny it participation in this action was not an abuse of discretion.

*By the Court.*—Order affirmed.

* Motion for rehearing denied, without costs, on September 11, 1956.