Village of Brown Deer, Plaintiff, vs. City of Milwau-
kee and others, Defendants. [Three appeals.] *

*November 8—December 3, 1957.*

---

* Motions for rehearing denied, with $25 costs on each motion,
on February 4, 1958.

444

446

For the plaintiff there were briefs and oral argument by *Harold H. Fuhrman* of Milwaukee.

For the defendants city of Milwaukee and Stanley J. Witkowski, city clerk, there were briefs by *Walter J. Mattison,* city attorney, *Richard F. Maruszewski, John F. Cook,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Maruszewski.*

For the defendants town of Granville and Joseph F. Shaughnessy, town clerk, there was a brief and oral argument by *William C. Dineen* of Milwaukee.

WINGERT, J.

*Brown Deer's appeal from order denying summary judgment in its favor on causes of action 7, 8, and 9.*

We affirm on this appeal.

These three causes of action assert that the consolidation ordinances, Milwaukee No. 689 and Granville No. 106, are invalid, and ask that Milwaukee be enjoined from exercising municipal jurisdiction over the Granville area. Some of the objections to the validity of the consolidation were disposed of on demurrer, when it was held that the entire consolidation was not invalidated by the mere fact that the Brown Deer annexations, if ultimately held valid, would have priority with respect to the annexed territory and thus prevent the consolidation from becoming fully and permanently effective with respect to the annexed portions of the original Granville territory. This court said:

"In such a situation we see nothing to prevent the consolidation taking effect to the full extent consistent with the outstanding priorities." *Brown Deer v. Milwaukee,* 274 Wis. 50, 66, 79 N. W. (2d) 340.

In that decision we did not pass upon the validity of the consolidation in other respects.

We have some doubt that Brown Deer now has any right to challenge the validity of the consolidation, as thus limited to territory not pre-empted by annexation. See *Schatzman v. Greenfield,* 273 Wis. 277, 280, 77 N. W. (2d) 511.

Nevertheless we pass that question and deal with the appeal on its merits, since Granville's appeal presents substantially the same objections to the validity of the consolidation, and important public questions are involved.

The motions of both Brown Deer and Granville for summary judgment are based mainly on legal contentions inspired by the decision of this court in *Blooming Grove v. Madison*, 275 Wis. 342, 81 N. W. (2d) 721, which was handed down after our decision on demurrer in the present case. In *Blooming Grove* we held that the constitution does not prohibit the annexation or incorporation of territory within a town in such a way as to divide the unincorporated area of the town into separate parts. In reaching that conclusion we took notice of early legislation and decisions evidencing an understanding, somewhat contemporaneous with the adoption of the constitution, that a town may exist in areas completely separated by city or village territory, and may exercise certain functions within the incorporated areas. We said:

"It can be said that town boundaries have at least potential significance notwithstanding incorporation and annexation within them, or stretching across such boundaries. It is clear, however, that most, if not all, powers and duties of town government are restricted to areas outside of incorporated areas." (p. 347.)

1. It is now argued that a town is a basic underlying unit of government of a different sort than a city or village, and that in the nature of things it cannot consolidate with a city or village, because only like entities can consolidate. An attempt to consolidate a town with a city is likened to an attempt to merge a partnership with a corporation, which is said to be impossible.

We think, however, that it is not beyond the power of the legislature to authorize a town-city consolidation, and that the legislature has sufficiently authorized that type of com-

bination. Sec. 66.02, Stats., has contained the following provision since 1921:

"*Any town*, village, or city *may be consolidated with a contiguous* town, village, or *city,* by ordinance, passed by a two-thirds vote of all the members of each board or council, fixing the terms of the consolidation and ratified by the electors at a referendum held in each municipality."

For thirty-two years before that a substantially similar provision used the terminology of annexation instead of "consolidation." Sec. 928, Stats. 1889.

We see no ambiguity in the statutory declaration that any town may be consolidated with a contiguous city, nor do we find any provision of the constitution which even suggests that such an authorization is beyond the power of the legislature. In the absence of clear constitutional limitation, the legislature has plenary power to redistribute territory and reallocate governmental functions among governmental subdivisions. *Madison Metropolitan Sewerage Dist. v. Committee,* 260 Wis. 229, 242 ff., 50 N. W. (2d) 424.

Moreover, this court has directly held that a town may be consolidated with a city. In *Milwaukee v. Sewerage Comm.* 268 Wis. 342, 67 N. W. (2d) 624, we sustained the validity of the consolidation of the town of Lake and the city of Milwaukee, and categorically stated that "consolidation of a town with a city is authorized by sec. 66.02, Stats." (p. 345.) While that case is discounted by appellants on the ground that the points now made were not argued to the court nor discussed in the opinion, the fact remains that the consolidation of town and city was in issue and was held valid.

2. It is contended that the legislative history of sec. 66.02, Stats., shows that only an incorporated town is authorized to consolidate with a city. Ch. 234, Laws of 1873, which through amendment and revision became sec. 66.02, pro-

vided that "Any *incorporated* city, village, or town may be annexed to another *incorporated* city, village, or town, by ordinance passed by a two-thirds vote of all the aldermen or trustees elect of each *corporation.*" It is pointed out that the territorial legislature created at least two incorporated towns, Platteville and Potosi, and it is said that the incorporated town was thus known to our law as an entity of a different nature than the ordinary town, and that only such incorporated towns were empowered to unite with other units by ch. 234, Laws of 1873. The legislative history further discloses that the word "incorporated" was dropped in the revision of 1889 (sec. 928, Stats. 1889), although the requirement of an ordinance of "each corporation" was retained at that time and not dropped until the words "each municipality" were substituted in the revision of 1921 (ch. 396, Laws of 1921, sec. 3), which substituted the term "consolidation" for "annexation" and brought sec. 66.02 to substantially its present form.

We cannot read out of this statutory history any manifestation of intent to bar the ordinary sort of town from consolidating with a city. Ever since 1849, sec. 60.01, Stats., and its forerunners have contained the following language, in substantially its present form:

"Each organized town is a body corporate." See ch. 12, sec. 1, Stats. 1849; sec. 773, Stats. 1898.

Viewed in the light of that statement from the statute relating to towns generally, we cannot attribute the claimed significance to the use of the words "incorporated" and "incorporation" in the forerunners of sec. 66.02, Stats. This court has recognized that a town is a body corporate, denominated a quasi-municipal corporation and sometimes referred to as a municipality. *Milwaukee v. Sewerage Comm.* 268 Wis. 342, 349, 67 N. W. (2d) 624.

Even if the reference in ch. 234, Laws of 1873, to "any incorporated city, village, or town" was meant to relate only to an incorporated town as distinguished from an ordinary town, we think the elimination of the word "incorporated" in sec. 928, Stats. 1889, and the substitution of the word "municipality" for "corporation" in sec. 66.02 as revised by ch. 396, Laws of 1921, indicate a legislative intent to extend the consolidation privilege to all towns.

3. Brown Deer points out that only "contiguous" units can consolidate under sec. 66.02, Stats., and argues that since Milwaukee has heretofore annexed territory in the south portion of the original town of Granville, and since the town continued to exist with its original boundaries for some purposes (as *Blooming Grove v. Madison,* 275 Wis. 342, 81 N. W. (2d) 721, is said to hold), the city and the town are not now "contiguous." It is said that tracts of land having a common boundary are contiguous, but those which overlap are not. We need not go into the refinements of the meaning of "contiguous," for we are satisfied that where sec. 66.02 provides that a contiguous town and city may consolidate, the word "town" is used in the commonly accepted sense as that portion of the original town which remains an operative and actively functioning unit of local government, excluding areas previously annexed or incorporated into cities and villages. "Town," like other words in the statutes, is normally to be construed according to common and approved usage, sec. 990.01 (1), and we are persuaded that such usage gives the word the connotation of a governmental subdivision operating as a going concern under the form of town government prescribed by ch. 60, Stats., not including areas previously withdrawn by annexation or incorporation and no longer governed by the town government. The historical evidence that led to the suggestion in *Blooming Grove v. Madison,* 275 Wis.

342, 81 N. W. (2d) 721, that a town may have some underlying existence to its original boundaries has not affected this common usage, and has no substantial bearing on the meaning of sec. 66.02 with respect to the requirement of contiguity.

4. Each of the consolidation ordinances contains a provision that "the town of Granville shall cease to exist and shall become a part of the city of Milwaukee." We are urged to hold that this provision renders the ordinances void in their entirety, on the theory that secs. 59.07 (22) and 60.05, Stats., which provide for vacation and dissolution of towns by action of the county board, are exclusive, and hence a town cannot be dissolved by adoption of consolidation ordinances under sec. 66.02.

We should hesitate to hold the provision invalid. Secs. 59.07 (22) and 60.05, Stats., do not purport to be exclusive, while sec. 66.02 quite clearly contemplates that upon consummation of a consolidation, the town government as a separate entity actively functioning under ch. 60, Stats., shall terminate, whether or not any residual powers remain which a town board may exercise within cities and villages under the principles and authorities referred to in *Blooming Grove v. Madison,* 275 Wis. 342, 81 N. W. (2d) 721, or the board retains functions with respect to adjustment of assets and liabilities under sec. 66.03.

We need not pass on the merits of the question on this appeal, however, for both of the consolidation ordinances contain a severability provision in the following language:

"If any provisions of this ordinance are invalid or unconstitutional, or if the application of this ordinance to any person or circumstance is invalid or unconstitutional, such invalidity or unconstitutionality shall not affect the other provisions or applications of this ordinance which can be given effect without the invalid or unconstitutional provision or application."

Thus even if the provision which purports to terminate the existence of the town of Granville is unauthorized and void, it does not invalidate the rest of the ordinances nor the consolidation, and hence it affords no ground for summary judgment of invalidity.

5. It is further argued, again referring to the provision of the ordinance purporting to terminate the existence of the town of Granville, that a town cannot be put out of existence, because there are certain powers which only a town can exercise, such as the power to condemn property for highways and bridges without the jury verdict of necessity required in the case of a municipal corporation by sec. 2, art. XI of the constitution (see *Norton v. Peck,* 3 Wis. *714) ; and because some basic governmental unit must remain in existence, to which incorporated areas may revert in case of the dissolution of the village or the city.

Since this argument goes only to the validity of a separable provision of the consolidation ordinances we are not required to pass upon it for immediate purposes. We think it advisable, however, to indicate our view that the argument in question would be more properly addressed to the legislature, than to the courts. If the legislature has seen fit by the enactment of sec. 66.02, Stats., to impose these potential inconveniences upon the inhabitants of the area, we see nothing in the constitution to prevent it from doing so. In such matters the municipalities themselves have no constitutional rights as against the legislature. *Douglas County v. Industrial Comm.* 275 Wis. 309, 313–316, 81 N. W. (2d) 807; *Madison Metropolitan Sewerage Dist. v. Committee,* 260 Wis. 229, 242 ff., 50 N. W. (2d) 424.

Thus the legislature has a free hand to authorize transfer of governmental powers, functions, and duties of the town to the city, and thus to terminate the existence of the town as a going concern having the full governmental powers conferred upon towns generally by ch. 60, Stats. We express

no opinion as to whether some residuum of power or indeed of existence remains in the town on the theory suggested in *Blooming Grove v. Madison,* 275 Wis. 342, 81 N. W. (2d) 721.

6. Again, it is said that since the prior annexations of part of Granville's territory have left the town still in existence to its original boundaries as an underlying governmental unit, albeit in a state of suspended animation, the town cannot be wholly destroyed in the nonannexed area, since it was held in *Chicago & N. W. R. Co. v. Oconto,* 50 Wis. 189, 6 N. W. 607, that the parts of a town cannot be completely separated. We think that contention is sufficiently answered by what has already been said, and by *Blooming Grove v. Madison,* 275 Wis. 342, 81 N. W. (2d) 721, in which the *Oconto Case* is discussed.

7. Brown Deer argues that in any event, a town and a city can consolidate only if the town consists exclusively of unincorporated territory, and since both Brown Deer and parts of River Hills and Milwaukee have been superimposed on the original town of Granville, the remainder of Granville can no longer be the subject of a consolidation. The argument seems to be that it is unfair to the residents of the incorporated areas within the original town (here the people of Brown Deer and River Hills) to destroy the separate existence of the town as a going concern without giving them an opportunity to vote on the question. We cannot accede to this contention. Nothing in sec. 66.02, Stats., or in the constitution limits the authority and privilege of consolidation to towns existing in their pristine rural status, untouched by incorporation into cities or villages, and we shall not read into the statute any such limitation.

8. Brown Deer next goes to a somewhat-related argument, that if the town of Granville can consolidate with the city of Milwaukee at all, it can do so only after a referendum in which the residents of those portions of the original town

which have been incorporated into the villages of Brown Deer and River Hills are permitted to vote. It is said that those people have rights which will be affected by the consolidation, such as the right to revert to the town for governmental purposes in event of dissolution of their villages, and the right to a voice in the disposition of the town's funds and the funds of the utility districts created some years ago by the town of Granville and now lying partly within the villages.

As a matter of statutory construction, the argument is not sound. Sec. 66.02, Stats., provides that any town may be consolidated with a contiguous city by ordinance "ratified by the electors at a referendum held *in each municipality.*" We think the "municipality" thus referred to is the portion of the original town of Granville which was still operating as a town government under ch. 60, Stats., at the time of the referendum and which would be directly incorporated into the city by the consolidation, and that such "municipality" does not include those areas within the original boundaries of the town which are nevertheless governed by cities or villages into which they have been incorporated or annexed and whose government will not be affected by the consolidation. No constitutional rights of the villages or their inhabitants are involved in denying them the right to vote on the consolidation. There is nothing in the constitution conferring any such voting right, and so the matter is entirely for the legislature. *Douglas County v. Industrial Comm.* 275 Wis. 309, 313, 316, 81 N. W. (2d) 807.

*Brown Deer's appeal from denial of summary judgment on causes of action 1–5.*

Brown Deer's case for summary judgment on these causes of action, which seek declaratory judgment that the Brown Deer annexations are valid and effectually pre-empted the annexed areas as against the Granville-Milwaukee con-

solidation, is based on the propositions that the consolidation is invalid for the reasons urged in support of the motion for summary judgment on causes of action 7 to 9, and that therefore Milwaukee has no standing as a party in interest, to challenge the validity of the Brown Deer annexations. *Schatzman v. Greenfield,* 273 Wis. 277, 280, 77 N. W. (2d) 511.

Since we have already held that the consolidation is not prevented from taking effect by the considerations urged against it on this and the companion appeal, it follows that Milwaukee's standing to contest the validity of the annexations is unimpaired, and we therefore affirm the order appealed from. When this case was here before we said that, assuming the consolidation to be valid, Milwaukee can now do what Granville could have done under sec. 66.029, viz., maintain or defend an action brought to test the validity of the annexation proceedings. *Brown Deer v. Milwaukee,* 274 Wis. 50, 74, 79 N. W. (2d) 340.

*Granville's appeal from denial of its motions.*

The circuit court denied a motion by Granville for leave to amend its cross complaint to allege the invalidity of the consolidation and that the town assets had been unlawfully transferred to the city, and to demand the return of the assets; and also denied a motion for summary judgment that Milwaukee's consolidation ordinance No. 689, is void, and for return of assets.

Granville's attacks on the consolidation are based on substantially the same contentions that Brown Deer advanced in support of its motions for summary judgment, and are sufficiently disposed of by what has been said with reference to Brown Deer's appeals.

One of Granville's contentions warrants further comment. It is said that the provisions of Milwaukee ordinance No. 689 which purport to transfer the records and assets of the

town to the city is invalid because those assets and records belong in part to the entire original town of Granville, including the portion thereof incorporated into River Hills and Brown Deer; that even if the consolidation of the unincorporated part of the town with Milwaukee is valid, Milwaukee has no right to take all of the assets; and that the assets should therefore be restored to the officers of the town to be administered by them under sec. 66.03, Stats. The argument is based on the conception derived from the discussion in *Blooming Grove v. Madison,* 275 Wis. 342, 81 N. W. (2d) 721, that Granville has some shadowy existence clear out to its original boundaries, and that therefore the villages have some rights in the town assets.

Summary judgment was properly denied. The consolidation has not been shown to be invalid, for reasons we have stated, and Granville has not shown as a matter of law that it is entitled to have the assets returned. The accounting between the parties, if any be in order, is not appropriate for disposition on this motion for summary judgment.

We also consider that the circuit court properly denied Granville leave to amend its cross complaint in the desired particulars. The amendment challenged the validity of the consolidation on grounds which we hold are insufficient, and sought return of the assets on the ground that the consolidation is invalid. Since the premise, that the consolidation was invalid, was not sustained, it was within the permissible discretion of the court to deny leave to file the amendment.

In so holding, we do not mean to rule now that neither Granville nor its town clerk nor its town board has or will have any right to an accounting or adjustment of town assets taken over by Milwaukee, and we do not construe the order appealed from as having that effect. Those questions remain for presentation and disposition in the trial court at an appropriate time.

*Milwaukee's appeal from order sustaining demurrer
to certain defenses.*

This order too must be affirmed.

The first five causes of action in Brown Deer's amended complaint ask declaratory judgment that the five Brown Deer annexations are valid. Milwaukee's answer denies their validity on various grounds, and alleges as separate defenses that the annexations are invalid because the annexed areas are disproportionate to the original size of the village and consist of territory unsuitable and not adapted to village purposes, and not necessary for the proper growth of the village.

Brown Deer demurred to the paragraphs of the answer which assert the grounds just summarized, on the ground that they do not state a defense. At the same time *Brown Deer* served an answer to other separate defenses not demurred to, which answer included a general denial that the annexations are invalid "for any reason whatsoever," and allegations "as to all of the separate defenses" that under the ruling of *Schatzman v. Greenfield,* 273 Wis. 277, 280, 77 N. W. (2d) 511, Milwaukee has no standing to contest the validity of the annexations, the Granville-Milwaukee consolidation being invalid for the reasons stated in the amended complaint.

The circuit court sustained Brown Deer's demurrer and Milwaukee appeals.

1. Milwaukee contends that the demurrer to the separate defenses should have been overruled because both the demurrer and the answer were filed pursuant to leave granted by the court "to file a demurrer to all or any part of the defendant's answer within ten days" and to file an answer thereto "in the event the plaintiff village shall determine that it does not desire to file a demurrer." Milwaukee argues that Brown Deer thus obtained leave to file a demurrer or

an answer, but not to file both; further, that because of the general denial in the answer that the annexations are invalid "for any reason whatsoever," and the assertion that in any event Milwaukee has no standing to challenge their validity, Brown Deer has answered all of the separate defenses, and thus has foreclosed itself from demurring to any of them.

We consider that the learned circuit judge acted within the bounds of proper discretion in construing his own order as granting leave both to demur to parts of the separate defenses and answer the rest of them, and in permitting the demurrer notwithstanding the general denials of invalidity of the ordinances and of Milwaukee's right to challenge their validity in answer to the separate defenses. No new facts were alleged in connection with those general denials, and the latter might reasonably be construed to assert matters of law not inconsistent with demurrer to certain specific defenses based on allegations of fact.

We come therefore to the merits of the demurrer.

2. The paragraphs of Milwaukee's answer to which the demurrer is addressed challenge the validity of several of the Brown Deer annexations on the ground that the annexed areas were disproportionate to the prior size of the village, and of a character not adapted to nor suitable for village purposes, and their annexation is not reasonably necessary for the proper growth of the village. In so far as the allegations are of fact, we must take them as true.

In our opinion the demurrer was properly sustained, for the reason that the particular defenses are barred by statute of limitation.

The annexation statute, sec. 62.07 (3), provides that the validity of annexation proceedings shall not be "in any manner called in question in any such court unless the proceedings therefor be commenced before the expiration of" ninety days after adoption of the annexation ordinance

(there having been no referendum thereon). Milwaukee commenced no such proceeding, nor formally challenged the validity of the annexations in this action, within ninety days after the passage of the annexation ordinances. When the case was here before, we pointed out that fact, but held that Milwaukee should nevertheless be given an opportunity to assert any *jurisdictional* grounds of invalidity "such as failure to post notices as required by statute or insufficiency of the petition for annexation . . . if any there be that are not foreclosed by today's decision." *Brown Deer v. Milwaukee,* 274 Wis. 50, 73, 74, 79 N. W. (2d) 340.

It is well established that notwithstanding the ninety-day limitation specified in sec. 62.07 (3), Stats., an annexation may thereafter be challenged on "jurisdictional" grounds. *Wilson v. Sheboygan,* 230 Wis. 483, 486–489, 283 N. W. 312; *State ex rel. Madison v. Walsh,* 247 Wis. 317, 321, 19 N. W. (2d) 299.

Is the objection that the annexed territory is disproportionately large, and unsuitable and unnecessary for village purposes, jurisdictional? We think not. Such matters are material and relevant in determining the validity of annexations, *Town of Brookfield v. City of Brookfield,* 274 Wis. 638, 644, 80 N. W. (2d) 800, and see *In re Village of Oconomowoc Lake,* 270 Wis. 530, 533, 72 N. W. (2d) 544, but that is not to say they are jurisdictional.

The jurisdictional requirements of an annexation proceeding are those which give the city council or village board jurisdiction to act upon the matter. Thus a petition must be filed describing the territory proposed to be annexed, it must appear that the required number of electors and property owners, having the prescribed qualifications, have signed it, and notice must be given at the times and in the manner required by statute. These steps are required by sec. 62.07 (1), Stats., in order to inform the governing body of the municipality what is desired and that it is desired by a sufficient

number of interested persons to warrant action; and to give notice to all interested persons that the matter is pending and what is proposed. Until they have been taken, the governing body has no authority to act upon the proposal. The ninety-day-limitation period for challenge of the annexation does not bar the assertion of invalidity where those requirements have not been complied with. In such a case interested parties have not been put on guard as to the pending proposal, as the law requires.

Not every element, however, which is essential to a valid annexation is essential to the jurisdiction of the governing body to annex. Where a valid petition has been filed and the necessary notices have been given, the council or board has jurisdiction, including jurisdiction to err. *Wilson v. Sheboygan,* 230 Wis. 483, 487, 283 N. W. 312.

We do not consider that a petition for annexation otherwise meeting statutory requirements is invalid in the jurisdictional sense simply because it describes territory that is not suitable or adaptable or necessary or is too large. Such a petition, plus the proper notices, gives enough information to the interested residents and property owners to warn them of what may happen, and whether their own property may be affected, and it gives the council or board something to act on intelligently. From then on the governing body has jurisdiction, which it may perhaps exercise erroneously by adopting an unwise or even invalid ordinance for annexation.

We should hesitate to adopt a construction of the ninety-day limitation which would permit the validity of annexations to be attacked months or years later on such grounds as suitability, necessity, or size. Challenge on those grounds is likely to involve difficult and highly debatable questions of fact dehors the record. Unlike the case where insufficient notice has been given, no reason is apparent why such objections should not be raised within ninety days after adoption of the ordinance or never. The situation, the facts, and the

evidence are fresh and current at that time, but can rapidly become stale, obscure, and confused as time goes by, particularly in an area that is rapidly changing from rural to urban in character.

The 1957 legislature adopted a comprehensive revision of the annexation statute, effective November 17, 1957, which provides in sec. 66.021 (10) (a) that:

"(a) No action may be commenced after sixty days from the effective date of any annexation to contest the validity thereof upon any grounds whatsoever, whether denominated procedural or jurisdictional. The validity of any annexation shall, sixty days after the effective date thereof, be conclusively established and may not be attacked collaterally or otherwise questioned." (Ch. 676, Laws of 1957.)

While that provision is not applicable to proceedings previously commenced (sec. 6, ch. 676, Laws of 1957), it discloses the current legislative policy to bar even "jurisdictional" attacks if not made promptly.

*Milwaukee's appeal from denial of summary judgment dismissing Brown Deer's causes of action 7, 8, and 9.*

*Causes 7 and 8.* Cause 7 asserts that Milwaukee's consolidation ordinance No. 689, is void because the Brown Deer annexations have priority and bar consolidation, and for other reasons. Cause 8 asserts the invalidity of the Granville ordinance for some of the same reasons.

When the case was heard on demurrer to the complaint, we said with respect to those causes of action:

"While we hold that the consolidation was not invalidated *ipso facto* by the annexations, we do not now, on demurrer, pass upon its validity in other respects. . . . some of the objections . . . appear to involve questions of fact, and we think it best that all of them . . . be tried in the circuit court." *Brown Deer v. Milwaukee,* 274 Wis. 50, 66, 79 N. W. (2d) 340.

The other grounds of invalidity specifically asserted by causes of action 7 and 8 relate to the provision of the consolidation ordinances which purports to create a Twentieth ward of the city of Milwaukee out of the former Granville territory. That is said to violate various provisions of the constitution, the statutes, and the charter ordinances of Milwaukee.

While at the time of our previous decision we thought these objections might involve questions of fact which ought to be tried below, and the learned circuit judge proceeded accordingly in denying summary judgment, further consideration leads us to the contrary conclusion. We are satisfied that Milwaukee should have summary judgment on those two causes of action as a matter of law, for two reasons:

1. Since we have already held that the consolidation does not affect territory with respect to which valid annexations to Brown Deer have priority, Brown Deer has no legal concern whether the former Granville territory to which Brown Deer has no such claim is set up as a separate ward in Milwaukee, or indeed how it is administered for purposes of city government. Hence Brown Deer has no standing to object to the consolidation on the ground that it purports to create a city ward in violation of law. *Schatzman v. Greenfield,* 273 Wis. 277, 280, 77 N. W. (2d) 511.

2. The provision purporting to create the Twentieth ward is a separate section of each ordinance, and if invalid, is separable from the remainder of the ordinance by virtue of the broad severability provision hereinbefore referred to. Hence it does not invalidate the entire consolidation.

*Cause 9.* Summary judgment on the 9th cause of action was properly denied. That cause of action realleges all previous causes of action, and avers that Milwaukee has seized and is asserting and threatens to retain municipal jurisdiction over the entire area of the previously existing town of Granville, including that subject to the Brown Deer annexations,

and has seized the assets of the town. Resulting irreparable injury to Brown Deer is asserted, particularly with reference to Brown Deer's claimed right to participate in an apportionment of Granville assets, and to have a share of the distributions of income tax and state aids attributable to the Granville territory. Relief is sought in the form of an injunction against the exercise of municipal jurisdiction over the former Granville territory by Milwaukee, and such other relief as may be just and equitable.

On the previous appeal, we said:

"As to municipal jurisdiction, the propriety of permanent injunctional relief will depend on the ultimate determination of the validity of the annexation and the consolidation, after Milwaukee has had an opportunity to plead over on those subjects." *Brown Deer v. Milwaukee,* 274 Wis. 50, 73, 79 N. W. (2d) 340.

Since the validity of the annexations remains to be determined, it is not clear on the record that Brown Deer will have no cause for relief against Milwaukee. Hence the motion for summary judgment on the 9th cause of action was properly denied.

*By the Court.*—The order denying the motion of the city of Milwaukee for summary judgment dismissing causes of action 7, 8, and 9 of the amended complaint of the village of Brown Deer is reversed, with directions to grant summary judgment dismissing causes of action 7 and 8 and to deny summary judgment on cause of action 9. The other orders appealed from are affirmed. Milwaukee may tax one fourth of its costs on appeal, including printing in excess of 50 pages, against Granville and one fourth of such costs against Brown Deer. No other costs to be taxed on these appeals.