Town of Blooming Grove, Respondent, vs. City of Madison, Appellant.

*May 8—June 3, 1958.*

448

For the appellant there were briefs by *Harold E. Hanson,* city attorney, and *Leon E. Isaksen,* special counsel, attorneys, and *Thomas, Orr, Isaksen, Werner & Lathrop* of counsel, all of Madison, and oral argument by *Mr. Isaksen, Mr. Hanson,* and *Mr. Trayton L. Lathrop.*

For the respondent there was a brief by *Earl I. Cooper,* attorney, and *William J. P. Aberg* and *Paul C. Gartzke* of counsel, all of Madison, and oral argument by *Mr. Cooper.*

WINGERT, J. 1. *Summary judgment properly denied.*
The order denying the city's motion for summary judgment
must be affirmed, because the pleadings and affidavits dis-
close the existence of a material issue of fact, *i. e.,* whether
or not the petition for annexation bore the required number
of signatures of electors and property owners at the time the
annexation ordinance was adopted.

It is essential to the validity of an annexation that the
petition bear the required number of signatures at the time
the ordinance is adopted. *Greenfield v. Milwaukee,* 272
Wis. 610, 613, 76 N. W. (2d) 320; *Town of Brookfield
v. City of Brookfield,* 274 Wis. 638, 643, 80 N. W. (2d)
800. While we said in the case first cited that insufficiency
of signatures at that time, as distinguished from insufficiency
on the date of the filing of the petition, is not one of those
"jurisdictional" defects which can be questioned more than
ninety days after passage of the ordinance (*Greenfield v.
Milwaukee,* 272 Wis. 610, 613, 76 N. W. (2d) 320), the
defect is nevertheless fatal to the ordinance if challenged
within the ninety-day period prescribed by sec. 62.07 (3),
Stats. In the present case the action was commenced within
the ninety-day period, and the original complaint served and
filed within that period directly alleges that the petition for
annexation was not signed by the number of electors and
property owners required by sec. 62.07, at the time of pas-
sage of the ordinance.

On the motion for summary judgment, that allegation of
the complaint was supported by affidavits. It follows that
the city's motion for summary judgment was properly denied,
since facts are asserted by a timely filed pleading and by
affidavit which, if proved on trial, will establish the invalidity
of the annexation ordinance.

2. *City council's recital of fact not conclusive.* The city
urges that the existence of sufficient signatures on the
petition is not open to challenge by the town or consideration

by the court, because the city's common council determined that there were a sufficient number of signatures, and such determination is conclusive.

The annexation ordinance was prefaced with the following recital:

"Whereas, a petition has been made and presented in writing to the common council of the city of Madison signed by a majority of the electors in the territory hereinafter described and by the owners of more than one half of the real estate in assessed valuation, according to the 1953 tax roll of the town of Blooming Grove; and by the owners of more than one half of the area hereinafter described;"

The record does not disclose what if any evidence this recital was based upon. It will be observed that the recital does not specify whether it refers to the date when the petition was filed or the date five months later when the ordinance was passed, although, as pointed out above, there must be a sufficient number of signatures on each date. Hence the quoted recital could hardly be conclusive on any theory, with respect to either date.

Even if the ordinance recital were to be construed as referring to the date of adoption of the ordinance, it would not foreclose the court from inquiring into the facts. We cannot accept the city's argument that the council's finding is conclusive on the courts if not shown to be fraudulent, arbitrary, or capricious.

The city cites authorities to the point that findings of various administrative tribunals and municipal governing bodies are conclusive if not arbitrary, capricious, or without support in evidence, and argues that the same principle applies to determinations of a city council with respect to the facts requisite to validity of an annexation, and that therefore the court may not try the facts *de novo*. We consider, however, that the rule is otherwise with respect to annexations.

Fundamentally the question is one of statutory construction, since the legislature has enacted comprehensive legislation on the subject of annexation, and its power in the field is plenary, unembarrassed by constitutional rights of its municipal subdivisions. See *Douglas County v. Industrial Comm.* 275 Wis. 309, 314, 81 N. W. (2d) 807; *Brown Deer v. Milwaukee,* 2 Wis. (2d) 441, 462, 86 N. W. (2d) 487. We find nothing in the applicable statute to suggest that the city council's determination relative to compliance with the specific statutory prerequisites for annexation is to be conclusive, while on the other hand there are substantial indications to the contrary.

In sec. 62.07, Stats. 1953, the legislature has set forth a number of specific steps that must be taken and requirements that must be met before the city council may properly annex territory. They are in the nature of safeguards against hasty, arbitrary, or minority action, and they exist for the protection of the residents and owners of property in the territory to be annexed and of the town in which such territory lies. This court has said, "The right to live in a particular municipal unit is an important right and should be protected by all the safeguards that the law provides." *Blooming Grove v. Madison,* 253 Wis. 215, 218, 33 N. W. (2d) 312. The legislature has specifically declared that in proceedings whereby territory is detached from any town, the town is an interested party, and the town board may institute and maintain an action to test the validity of the proceeding. Sec. 66.029. Thus the statute "grants to towns the right to compel and enforce strict compliance with the required procedure." *Town of Madison v. City of Madison,* 269 Wis. 609, 615, 70 N. W. (2d) 249.

In this setting we do not think it could have been the legislative intent to intrust conclusive determination of the existence of the statutory safeguards to the governing body

of one of the interested parties. The city is an interested party in any annexation, and the disposition if not the function of its common council is partisan—to do that which it deems best in the interests of the city, rather than to hold the scales even as between the city on the one hand and the town and its residents on the other. It is unlikely that common councils in general have either the specialized expertness or the disinterested facilities for fact finding which have led to the rule that the *bona fide* findings of administrative tribunals are conclusive if supported by evidence.

For many years, in many cases, the courts have treated the fact of compliance with the specific requirements of sec. 62.07, Stats., as matter for judicial determination *de novo,* without intimating that the city council's own determination on the subject is conclusive. See, for example, *Lutien v. Kewaunee,* 143 Wis. 242, 126 N. W. 662, 127 N. W. 942; *Zweifel v. Milwaukee,* 188 Wis. 358, 206 N. W. 215; *De-Bauche v. Green Bay,* 227 Wis. 148, 277 N. W. 147; *State ex rel. Madison v. Walsh,* 247 Wis. 317, 19 N. W. (2d) 299; *Greenfield v. Milwaukee,* 272 Wis. 388, 75 N. W. (2d) 434; and *Greenfield v. Milwaukee,* 273 Wis. 484, 78 N. W. (2d) 909. While it does not appear that the particular contention now under consideration was advanced in those cases or that the council made specific recital of facts, and some of them involved only the so-called jurisdictional defects, the cases nevertheless disclose a consistent practice of treating questions of compliance with the statutory prerequisites to annexation as subject to unrestricted judicial review.

The legislature has acquiesced in this judicial practice, and has manifested no thought that it is contrary to the statutory plan. In 1957 a comprehensive amendment of the annexation law was adopted. (Ch. 676, Laws of 1957.) Among other amendments, the provision of former sec.

62.07 (3), Stats., limiting the time within which the validity of annexations may be challenged, was renumbered 66.021 (10) and amended to read:

"(10) *Action.* (a) No action may be commenced after sixty days from the effective date of any annexation to contest the validity thereof upon any grounds whatsoever, whether denominated procedural or jurisdictional. The validity of any annexation shall, sixty days after the effective date thereof, be conclusively established and may not be attacked collaterally or otherwise questioned."

We think it significant that the legislature, while then directly considering the subject of court review of the validity of annexations, made no change in the statute that would suggest any criticism of the practice of the courts in treating compliance with the statutory requirements for annexation as matter for judicial inquiry *de novo,* but merely shortened the time within which such review must be invoked.

For the reasons stated, we cannot give finality to the common council's recital that the petition for annexation bore sufficient signatures. Since the question is fundamentally one of interpretation of the annexation statutes, it is unnecessary to discuss cases decided under different statutes, in which judicial review has been restricted to a narrower scope.

3. *Supplement to complaint barred by lapse of time.* What has been said requires affirmance of the order denying the city's motion for summary judgment. Another matter should be commented upon for the guidance of the trial court.

The annexation ordinance was adopted September 21, 1954. The action to challenge it was commenced on December 9, 1954, on a complaint alleging insufficiency of signatures only with respect to the time of passage of the ordinance. On April 27, 1956, nineteen months after the adoption of the ordinance, plaintiff filed affidavits on the

first presentation of the motion for summary judgment, asserting insufficiency of signatures as of the date on which the petition was filed. Not until September 18, 1957, almost a full three years after the adoption of the ordinance, did plaintiff ask leave to supplement its complaint by alleging insufficiency of signatures when the petition was filed. Leave so to supplement the complaint was granted by the court, and appeal therefrom was dismissed by this court on the ground that the order was not appealable.

In its decision that the city's motion for summary judgment should be denied, which was combined with the decision that leave to supplement should be granted, the circuit court specifically recited that "there is before the court for its consideration the amended complaint, which alleges that the annexation petition was insufficient when it was filed. . . . Upon the record as it now stands there can be no question but that the plaintiff is entitled to a trial."

Thus it appears that the court relied, to an undisclosed extent, on the issue with respect to the sufficiency of the signatures at the time of filing the petition, as a ground for denying the city's motion for summary judgment. Unless now disposed of, that issue will present itself on the trial.

The city contends that challenge of the ordinance on that ground is barred by lapse of time. If after trial on the merits the ordinance should be held invalid for lack of sufficient signatures on the date of filing, the order permitting such insufficiency to be pleaded after three years could be reviewed on appeal to this court. Sec. 274.34, Stats. Therefore we think the propriety of the supplementation order should be determined now, for the guidance of the trial court in subsequent stages of the case.

Want of sufficient signatures when the petition is filed is of course a jurisdictional defect, since the filing of a sufficient petition is necessary to give the common council jurisdiction to act on the proposed ordinance; and therefore,

the annexation may be challenged on that ground after the expiration of the ninety-day limitation period specified in sec. 62.07 (3), Stats. *Brown Deer v. Milwaukee,* 2 Wis. (2d) 441, 461, 86 N. W. (2d) 487.

It does not follow that challenge on jurisdictional grounds is never barred. In *Fish Creek Park Co. v. Bayside,* 273 Wis. 89, 92, 76 N. W. (2d) 557, it was said that an action by the town to challenge an annexation on jurisdictional grounds "could be commenced within a reasonable time." This court has stated on a number of occasions, commencing with *State ex rel. Dalrymple v. Milwaukee County,* 58 Wis. 4, 16 N. W. 21, in 1883, that proceedings by certiorari [1] or otherwise, to review actions of municipal or other bodies with respect to which there is no specific statute of limitations, should not be permitted to be brought more than two years after the action to be reviewed. See *Wurth v. Affeldt,* 265 Wis. 119, 123, 60 N. W. (2d) 708, in which the cases are collected. In the *Dalrymple Case,* the two-year period was chosen by analogy to the permissible period for taking an appeal to this court from a judgment, which was then two years but is now only six months. In *McClutchey v. Milwaukee County,* 239 Wis. 139, 144, 300 N. W. 224, 300 N. W. 917, it was stated categorically that the time to attack by certiorari is limited to the time in which appeal lies from a judgment.

We do not say now that jurisdictional objections to an annexation ordinance are barred if not made within six months, nor even that they are always and necessarily barred if not made within two years; but we hold that in the light of the decisions just referred to, the town's application to supplement its complaint, made three days less than three

---

[1] Certiorari lies to review questions of jurisdiction and power. *State ex rel. Badtke v. School Board,* 1 Wis. (2d) 208, 209, 83 N. W. (2d) 724.

years after the adoption of the ordinance, was delayed more than a reasonable time and should have been denied.

In the circumstances of this case, we consider that the period of practically three years was more than a reasonable time for pleading an entirely new ground of objection not previously alleged. An affidavit in the record discloses that as the result of a census the facts on which the objection is based were known to the town within seven months after the passage of the ordinance. No reason is shown why the complaint could not have been amended or supplemented at that time. Even though no specific prejudice to the city appears to have arisen from the delay, we think that sound judicial administration requires that such objections be made with some reasonable promptitude, absent a good excuse for not doing so. In view of the very nature of annexations and the disturbing effect of uncertainties as to their validity on the operations of local government, such questions should be raised and set at rest promptly.

We recognize that the trial court has a wide discretion with respect to the amendment of pleadings, but here we are dealing with something more than the usual amendment. There is here presented an entirely new and separate objection to the validity of the annexation, based on facts not previously pleaded. For purposes of determining whether the new objection is barred by lapse of time, it stands in the same position as if it were the subject matter of a separate action first commenced when leave to supplement the present complaint was sought. *Meinshausen v. A. Gettelman Brewing Co.* 133 Wis. 95, 102, 113 N. W. 408; *Kresge v. Miner Amusement Co.* 239 Wis. 575, 580, 2 N. W. (2d) 236; and see sec. 330.48, Stats. We consider that three years less three days after the adoption of the ordinance was too late to start an action to attack its validity, and therefore too late to bring a wholly new and separate attack into the action

already pending. The matter is substantive rather than merely procedural, and the trial court's wide discretion as to amendments did not extend to the allowance of this particular supplement to the complaint.

*By the Court.*—Order affirmed.

BROADFOOT, J. (*concurring*). I concur in the result in this case and with the reasons given therefor. However, I cannot agree with that part of the opinion inserted as a guide to the trial court wherein it is held that the supplement to the complaint was barred by lapse of time. The reasoning in that part of the opinion, if applied to a new action commenced three years after the adoption of the annexation ordinance, would be proper. However, in this case the plaintiff commenced its action within the statutory period and has tried to have the issues resolved in a trial. All of the delay herein is because of the appeals taken by the city. Under the particular circumstances in this case I do not believe that the request to supplement the complaint was made after an undue length of time. I would affirm the trial court in all respects.