TOWN OF BLOOMING GROVE, Respondent, v. CITY OF MADISON, Appellant.

*February 1—March 8, 1960.*

444

For the appellant there were briefs by *Harold E. Hanson,* city attorney, and *Leon E. Isaksen,* attorneys, and *Thomas, Orr, Isaksen, Werner & Lathrop* of counsel, all of Madison, and oral argument by *Mr. Leon E. Isaksen, Mr. Trayton L. Lathrop,* and *Mr. Hanson.*

For the respondent there was a brief and oral argument by *Earl I. Cooper,* attorney, and *William J. P. Aberg* and *Paul C. Gartzke* of counsel, all of Madison.

CURRIE, J.   The controlling statute is sec. 62.07 (1), Stats. 1953. The material portion of such statute reads as follows:

"Territory adjacent to any city may be annexed to such city in the manner following:

"(a) A petition therefor shall be presented to the council 1. signed by a majority of the electors in such adjacent

territory and by the owners of one half of the real estate within the limits of the territory proposed to be annexed, or 2. if no electors reside in the said adjacent territory signed by the owners of one half of taxable property therein according to the last tax roll, or 3. by a majority of the electors and the owners of one half of the real estate in assessed value; . . ."

If the petition for annexation lacks sufficient signatures at the time it is originally filed for presentation to the city council, it is jurisdictionally defective under such statute. *Greenfield v. Milwaukee* (1956), 272 Wis. 610, 76 N. W. (2d) 320, and *Wilson v. Sheboygan* (1939), 230 Wis. 483, 283 N. W. 312. Subsequent to filing, but before adoption of the ordinance, signers have the right to withdraw their signatures from the petition. *Blooming Grove v. Madison* (1948), 253 Wis. 215, 33 N. W. (2d) 312. Signatures may also be added to the petition during such period, and, in order for the city to enact a valid ordinance of annexation, there must be sufficient signatures on the petition at time of adoption of the ordinance, giving effect to any withdrawals and additions. *Town of Brookfield v. City of Brookfield* (1957), 274 Wis. 638, 80 N. W. (2d) 800.

The instant appeal presents the issue of whether the sufficiency of signatures on the annexation petition, as of the time of the adoption of the ordinance, is measured by the situation with respect to the number of electors and identity of property ownership as of the date of the filing of the petition or as of the adoption of the ordinance. The learned trial court determined that such sufficiency is measured as of the latter date. Under such holding, any change in the number of electors residing in the territory to be annexed, or in property ownership in such territory, which occurred between the date of filing and the date of enactment, might materially affect the sufficiency of the signatures as of the date the ordinance is adopted.

We are unable to find any clear-cut statement on such issue in any of the prior opinions of this court. The closest approach to the same appears in *Greenfield v. Milwaukee, supra.* In that case we held that when a valid petition is filed the city acquires jurisdiction, and that (p. 613) : "Any action by the council thereafter would be voidable if withdrawals reduced the signatures to less than *the required number* at the time the ordinance was adopted . . ." (Emphasis supplied.) While such statement was *obiter dictum,* the phrase *"the required number"* had reference to the number of signatures required by sec. 62.07 (1), Stats. 1953, to be on the petition at the time it is presented to the council. Presentation and filing are synonymous terms when applied to annexation petitions, because a filing with the city clerk is the equivalent of presentation to the council.

A plain reading of the hereinbefore-quoted portion of sec. 62.07 (1), Stats. 1953, seems to us to make it clear that the required number of signatures to an annexation petition is measured as of but one time, not two, and such time is that of presentation to the council. Therefore, it is wholly immaterial whether electors move in or out of the territory to be annexed, or property therein changes ownership, during the period which elapses between the original filing and the date of adoption of the ordinance. If this were not the case, then a petition, which was valid when filed, and from which no withdrawal of signatures had taken place up until the time the council adopted the ordinance of annexation, might be rendered voidable by changes which had occurred in the meantime in the territory with respect to electors or property ownership. We do not deem that the statute is subject to such interpretation.

The plaintiff town places great reliance upon the opinion of this court in *Town of Brookfield v. City of Brookfield, supra.* In that case there were 120 electors residing in the

territory at the time the annexation petition was filed. Subsequently two more electors moved into such territory before the city council adopted the ordinance of annexation. The petition at time of filing bore the signatures of 63 electors. Subsequently, before adoption of the ordinance, there were withdrawals and additions of signatures made, but the net result was that the petition bore 63 signatures at time of passage of the ordinance. Therefore, whether the number of signatures as of the time of adoption was measured against the 120 electors who resided in the territory when the petition was filed, or against the 122 who resided therein when the ordinance was adopted, it was sufficient to constitute a majority at either time. However, in our opinion we stated (p. 641) : "The supplemental copy of the annexation petition brought the total number of electors signing to 63, which was a majority of the 122 qualified electors."

Such reference on our part to "122 qualified electors" in the *Brookfield Case* opinion was unfortunate, although it in no way affected the result reached. Only the 120 electors residing in the territory at the time the petition was filed should have been employed as the measuring stick to determine if the petition bore sufficient signatures as of the time of the adoption of the annexation ordinance.

We greatly regret that our determination of the issue presented by the instant appeal necessitates that this case, which has previously been remanded twice before for further proceedings in the trial court, must again be remanded for the same purpose.

The city contends that we should reverse and grant judgment in its behalf adjudging the annexation ordinance to be valid. While the town contended below, as well as here, that the sufficiency of signatures at time of adoption of the ordinance should be tested against the situation as then existed with respect to number of electors and property

ownership, thereby giving effect to changes which had occurred between the filing of the petition and the date of adoption of the ordinance, the allegations of its complaint are sufficient to charge that the petition as of the time of adoption of the ordinance did not bear the required number of signatures measured against the conditions that existed on the date of the filing of the petition. This is because the complaint specifically alleged that the petition at time of adoption of the ordinance did not bear the number of signatures required by sec. 62.07 (1), Stats. 1953. Furthermore, the town protected itself at the trial below by its offer of proof and attempt to call witnesses to substantiate the same.

We are unaware of any principle of estoppel by which the town would be precluded from being afforded an opportunity to present its evidence with respect to the number of electors who resided in the territory on the date the petition was filed, and the relevant facts with respect to property ownership and assessed value in such territory as of that date. We, therefore, hold that it was error for the trial court to have refused the town the opportunity to call witnesses to testify to such facts.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.

FAIRCHILD, J., took no part.