Town of Brookfield, Respondent, vs. City of Brook-
field, Appellant.

*January 9—February 5, 1957.*

For the appellant there were briefs by *Richard W. Cutler,* city attorney, *T. L. Tolan, Jr.,* assistant city attorney, and *Albert M. Witte* of Milwaukee, and *Wood, Warner, Tyrrell & Bruce* of Milwaukee of counsel, and oral argument by *Mr. Cutler.*

For the respondent there was a brief and oral argument by *Clayton A. Cramer* of Waukesha.

A brief was filed by *Harold H. Fuhrman,* village attorney for the village of Brown Deer, attorney, and *Wickert & Fuhrman* of counsel, all of Milwaukee, as *amicus curiae.*

A brief was filed by *Walter J. Mattison,* city attorney of Milwaukee, and *Richard F. Maruszewski* and *John F. Cook,* assistant city attorneys, as *amicus curiae.*

BROADFOOT, J.   The territory sought to be annexed consisted of about 1,850 acres and the town alleged that about 1,600 acres thereof was, on the date of the petition for annexation, composed of agricultural lands.  There were 120 electors residing within the area.  The petition for annexation contained the names of 63 of said electors, and was filed April 1, 1955.  After filing, the proposed annexation ordinance was introduced in the city council and ordered published for the statutory period.  On May 4, 1955, a petition was filed with the city clerk of the city signed by 27 of the 63 signers, requesting that their names be withdrawn from the original petition.  On May 12, 1955, the date of the enactment of the ordinance by the city council, an additional

copy of the annexation petition was filed with the city clerk of the city in support of the annexation. This copy of the petition was signed by 21 of the 27 original signers who had withdrawn their signatures and by six electors who had not theretofore signed a copy of the petition. In the meantime two additional electors had moved into the area. The supplemental copy of the annexation petition brought the total number of electors signing to 63, which was a majority of the 122 qualified electors.

It is conceded by the town that all statutory requirements were complied with up to the time of the filing of the withdrawal petition. The town further concedes that electors who withdraw their names from an annexation petition may reinstate their signatures at any time prior to the final enactment of the ordinance by the city council. The town contends, however, that electors who did not sign the original petition for annexation cannot thereafter file supplemental petitions. The city, on the other hand, contends that supplemental petitions for annexation containing the signatures of qualified electors within the area may be filed and considered by the city council if done prior to the enactment of the annexation ordinance. The trial court held that under the procedure followed the city council lost jurisdiction; therefore the annexation ordinance was void.

Annexation is a statutory procedure. The statutes of different states vary considerably in the procedures outlined. In Wisconsin the procedure is outlined in sec. 62.07, Stats. A reading of that section shows that the statute does not answer all questions that may arise thereunder, and this court has been required to supply some of the answers under the general outline therein. Our decisions have held that a valid petition must be filed with the city council in order to authorize the introduction of a proposed ordinance of annexation and an order for the publication thereof. We have also held that petitioners may withdraw their signatures prior to final

action by a city council. *Blooming Grove v. Madison,* 253 Wis. 215, 33 N. W. (2d) 312; *Greenfield v. Milwaukee,* 273 Wis. 484, 78 N. W. (2d) 909.

The opinion in the *Blooming Grove Case* reviews earlier Wisconsin cases and it is there stated that the purpose of publication of the proposed annexation ordinance is to advise those who are interested that the matter is before the common council for consideration. It was further held in that case that no rights are acquired by anyone by virtue of the introduction and publication of a proposed annexation ordinance. The original notice that annexation proceedings are to be commenced is given by posting notices thereof within the area proposed to be annexed. In the *Blooming Grove Case* it was held that one of the purposes for giving further notice by publication of the proposed ordinance is to permit a petitioner to withdraw his name at any time prior to such final action. It was held in the *Greenfield Case, supra,* that another purpose is to permit electors who have withdrawn their signatures to reinstate them at any time prior to final action upon further consideration of the question.

The town relies heavily upon the case of *Lakeville v. Palmer* (Ohio), reported in 136 N. E. (2d) 171. That case was decided upon jurisdictional grounds. It was there held that if the original petition is deficient in the number of signers on the day of filing no jurisdiction can be invoked. Likewise if it later becomes deficient in that respect the jurisdiction already invoked is lost and no additional signatures may be supplied. It should be noted that the decision in that case was by the judge of the court of common pleas of Ashtabula county, Ohio. As we understand it, that is a trial court and not an appellate court.

It would be impossible to follow the jurisdictional rule in Wisconsin without reversing our prior decisions. If literally followed, the jurisdictional rule would prevent the withdrawal of signatures from the original petition. Under that

theory any time the number of signatures fell below the required number the council would lose jurisdiction to take any further steps with respect to the proposed annexation. However, we have held not only that signatures may be withdrawn at any time before final action by the city council but that those signatures can be reinstated by the filing of a petition withdrawing the withdrawals. This court has not had occasion to pass upon the filing of supplemental petitions containing the signatures of electors who did not sign one of the original petitions. However, two of our circuit judges, of dignity and intelligence equal, at least, to the judge of a court of common pleas in Ohio, have so ruled. It was so held in 1952 by E. M. DUQUAINE, circuit judge for Brown county, In re Town of Preble. It was also so held by FRANCIS X. SWIETLIK, circuit judge for Milwaukee county, in a suit between the town of Greenfield and the city of Milwaukee in 1955. The reasoning of those learned circuit judges is persuasive.

Therefore, we hold that, if other procedural steps outlined by the statutes are complied with, a city council must have a sufficient petition or petitions for annexation before it at the date of the introduction of the annexation ordinance and adoption of an order providing for its publication. The council must again determine that sufficient signatures of qualified electors are filed with it before it can finally enact the ordinance. Between those two dates signatures may be withdrawn and reinstated and supplemental petitions containing the signatures of qualified electors in the area who have not theretofore signed may be filed with and considered by the council in determining the sufficiency of the petitions at the time it finally enacts the ordinance. Under our procedure, the signing of the petitions is a substitute for a referendum to determine that a majority of the electors within the area favor annexation. Therefore, it must be determined by the city council that a majority of the electors do favor

annexation before an ordinance therefor can be introduced. A similar canvass of the petitions must be made just prior to the final enactment of the ordinance. The council did have petitions bearing the signatures of a majority of the electors within the area proposed to be annexed when it enacted the annexation ordinance and the ordinance cannot be successfully attacked on that ground.

Whether or not an area of land has the characteristics of a city is not an issue in annexation proceedings. It is an issue in incorporation proceedings. The courts do, however, have authority to review the annexation of territory to a village or city and upon review to determine whether the tract in question is reasonably suitable or adaptable to city or village uses or needs. The court considered those questions in *Wilson v. Sheboygan,* 230 Wis. 483, 283 N. W. 312, and *Greenfield v. Milwaukee,* 273 Wis. 484, 78 N. W. (2d) 909.

The main contention of the town is that the lands covered by the petitions are largely agricultural lands. In some states cities are forbidden to annex unplatted agricultural lands. Other states have provided that agricultural lands rural in character may not be annexed. In Wisconsin there is no such prohibition in our statutes. In this state we apply a rule of reason. The mere fact that a large percentage of the tract proposed to be annexed consists of agricultural land is not of itself a basis for holding the ordinance annexing the area to be null and void.

The city of Brookfield was incorporated in August, 1954. The town argues that the area proposed to be annexed could not have been included in the incorporation proceedings under any rule of reason and that the city is attempting to do indirectly what it could not have done directly, by proceeding to annex the area so soon after incorporation. The case was tried approximately eighteen months after the incorporation. At the time of the incorporation proceedings a census showed between 7,000 and 8,000 persons residing in the area in-

corporated. At the time of the trial that population exceeded 11,000 persons. Expert testimony based upon the present rate of growth, the proximity of the area to the city of Milwaukee, and the location of new industries in the area, was that the population of the city together with the area proposed to be annexed would be 26,000 within four to five years from the date of the trial. Several parcels of land within the area have been platted.

In passing upon the question of whether lands are agricultural or not, the courts of some states have considered the value of land as a guide in determining the reasonableness or propriety of its annexation. Some courts have held that it is proper to annex land which has a high value far in excess of its value for farming purposes only because of its prospective use for city purposes. 62 C. J. S., Municipal Corporations, p. 133, sec. 46. The record herein shows that all sales of lands within the area during recent years have been at prices that are three or four times their value for farming purposes. In other words, it would be economically impossible to make any return on an investment by paying present prices and then devoting the land to farming purposes except as a temporary operation while platting for residential purposes or until the land could be sold to another buyer who would do so. The lands under discussion command such high prices solely because they are within an area in which the population is rapidly expanding because of its proximity to a large metropolitan area. New homesites must be prepared upon which to locate the persons flocking into the area.

The authorities in thickly settled areas are becoming more conscious of the necessity for reasonable plans for orderly suburban development. It is clear that the time has come to consider that as an element in reviewing annexation cases. In order to properly plan for the development of areas adjacent to a city it is now necessary to see that areas bordering the same are properly zoned and platted so that

through streets may be provided for and so that slums will not develop along the borders of cities that will involve many problems and much expense in future development.

In annexation proceedings the city council in the first instance determines the suitability or adaptability of the area proposed to be annexed and the necessity of annexing the same for the proper growth and development of the city. Upon a review the courts cannot disturb the council's determination unless it appears that it is arbitrary and capricious or is an abuse of discretion. From a careful reading of the record it is apparent that the area annexed is reasonably adaptable to city purposes and that it is reasonably necessary that the defendant city annex it in order that the area may be intelligently and efficiently developed. On the motion for review we hold that questions involving the reasonable suitability and adaptability and the reasonable necessity for the proper growth, development, and welfare of a city are material and relevant in reviewing annexation proceedings.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter a judgment dismissing the plaintiff's complaint.