TOWN OF DE PERE, Leo H. Danen and Eileen H. Danen,
Plaintiffs-Appellants,†

v.

CITY OF DE PERE, Defendant-Respondent.

Court of Appeals

*No. 93–3095–FT. Submitted on briefs February 24,
1994.—Decided April 26, 1994.*

(Also reported in 516 N.W.2d 1.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *John D. Claypool* of *Herrling, Clark, Hartzheim & Siddall, Ltd.* of Appleton.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James M. Kalny,* city attorney.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Leo Danen and Eileen Danen appeal a judgment entered in favor of the City of De Pere and dismissing all of the Danens' causes of action against the City.[1] The Danens contend the trial court erred when it concluded that the prohibition in § 66.021(4)(b), STATS., against adding or withdrawing signatures to a direct annexation petition also bars the

---

[1] This is an expedited appeal under RULE 809.17, STATS.

withdrawal of the petition itself. Because we agree with the trial court, the judgment is affirmed.

In January 1993, the Danens petitioned the City to annex land that they solely owned. The De Pere city council received the petition and referred it to its plan commission, which has advisory power only. The commission approved the annexation on February 2, 1993. Thereafter, the State Department of Development found that the annexation was not contrary to public interest and approved it on February 18.

On February 26, the Danens filed for a withdrawal of their annexation petition. However, on March 2, 1993, the City's common council adopted an annexation ordinance for the Danen property and, in effect, annexed the property to the City.

Subsequent to the annexation, the Danens and the Town of De Pere filed suit against the City, alleging that the City did not have the authority to adopt the annexation ordinance of March 2, 1993, and that the annexation ordinance violated the judicially created "rule of reason."[2] The Danens and the Town then filed a motion for summary judgment, requesting that the trial court rule as a matter of law that the annexation ordinance was invalid on the grounds that, in the absence of an annexation petition, the City did not have the authority to adopt the ordinance.

---

[2] Annexation must satisfy three requirements to satisfy the "rule of reason": Exclusions and boundary line irregularities must not be the result of arbitrariness, some reasonable present or demonstrable future need for annexed property must be shown, and no other factor must exist that would constitute an abuse of discretion on the part of the municipality. *See Town of Menasha v. City of Menasha*, 170 Wis. 2d 181, 189, 488 N.W.2d 104, 108 (Ct. App. 1992).

The trial court held that the § 66.021(4)(b), STATS., prohibition against the withdrawal of names from an annexation petition once filed encompasses a prohibition against withdrawing the petition itself. Thus it denied the Danens' and the Town's motion for summary judgment. The parties stipulated to the dismissal of the second cause of action, that the ordinance violated the "rule of reason," and the Danens and the Town now appeal the judgment denying their motion for summary judgment.

■

The facts in this case are not disputed. The application of facts to law is a question of law that we review de novo. *Gonzalez v. Teskey*, 160 Wis. 2d 1, 7-8, 465 N.W.2d 525, 528 (Ct. App. 1990).

■

A municipality's annexation power is governed by the terms of § 66.021, STATS. When the legislature grants the power to extend boundaries to a municipal corporation, that power "must be exercised in strict accordance with the statute conferring it." *Town of Greenfield v. City of Milwaukee*, 272 Wis. 388, 391, 75 N.W.2d 434, 436 (1956). Section 66.021 states, in applicable part:

**(2) Methods of annexation.** Subject to s. 66.023(7), territory contiguous to any city or village may be annexed thereto in the following ways:

(a) *Direct annexation*: A petition for direct annexation may be filed with the city or village clerk signed by:

1. A number of qualified electors residing in such territory equal to at least the majority of votes cast for governor in the territory at the last gubernatorial election, and either a. the owners of one-half of the land in area within such territory, or b.

the owners of one-half of the real property in assessed value within such territory; or

. . . .

**(4) Petition** . . . .

(b) *No person who has signed a petition shall be permitted to withdraw his [or her] name therefrom.* No additional signatures shall be added after a petition is filed. (Emphasis added.)

The Danens and the Town contend that prior to the City's adoption of the annexation ordinance, the Danens formally withdrew their annexation petition. Therefore, they argue, there was no petition as required by § 66.021(4) upon which the City could enact the annexation ordinance. The City argues that the statute prohibiting the withdrawal of signatures also prohibited the Danens from withdrawing the petition. Therefore, it argues, the annexation ordinance was enacted upon a valid petition.

The rules of statutory construction tell us that the primary source of statutory construction is the language of the statute itself. *Abraham v. Milwaukee Mut. Ins. Co.*, 115 Wis. 2d 678, 680, 341 N.W.2d 414, 416 (Ct. App. 1983). While as a general rule this court looks to legislative history and other extrinsic evidence if the statute is ambiguous, *see Boltz v. Boltz*, 133 Wis. 2d 278, 284, 395 N.W.2d 605, 607 (Ct. App. 1986), a statute should be construed to avoid an unreasonable or absurd result, *State v. Mendoza*, 96 Wis. 2d 106, 115, 291 N.W.2d 478, 483 (1980); cannot be construed in derogation of common sense, *State v. Clausen*, 105 Wis. 2d 231, 245-46, 313 N.W.2d 819, 826 (1982); and, a literal construction of a statute should not be adopted if obvious legislative purpose would be defeated. *State ex*

*rel. Tessmer v. Circuit Court Branch III,* 123 Wis. 2d 439, 443, 367 N.W.2d 235, 237 (Ct. App. 1985).

A literal reading of § 66.021(4), STATS., prohibits only the withdrawal of names from an annexation petition and not the petition itself. However, to conclude that petitioners cannot remove their names from a petition, the effect of which is to revoke their support and possibly make the petition invalid, but that they can withdraw the entire petition is in derogation of common sense and leads to an absurd result. What is the petition, except for a list of names authorizing the annexation? We note that the statutes are silent as to a method or procedure for withdrawing a filed petition for annexation. Except for the withdrawal of names, i.e., authorization, how can a petition be withdrawn? The Danens and the Town, on the other hand, contend that the City's construction leads to an unreasonable result because it leads to the harsh result of making the Danens' decision to petition for annexation irrevocable. However, a petitioner's decision to annex must at some point become irrevocable; the question is only when it becomes so. To conclude that the decision becomes irrevocable at the time of filing the petition is not unreasonable. The statute clearly mandates that a petitioner may not revoke his or her signature as of the time of filing. We fail to see how it is any less reasonable to prohibit the withdrawal of the petition than it is to prohibit the withdrawal of the names on the petition.

Furthermore, legislative history indicates that the legislature intended the prohibition of the removal of signatures to, in effect, prohibit the withdrawal of a petition. In 1957, in response to *Town of Brookfield v. City of Brookfield,* 274 Wis. 638, 80 N.W.2d 800 (1957),

the legislature revamped the annexation procedure, repealing § 66.07, STATS., and creating § 66.021.

*Brookfield* interpreted the annexation statute at that time, § 66.07, STATS., as requiring municipalities to determine the sufficiency of an annexation petition as of the date the petition was submitted to the city council and then again, after a four-week waiting period, at the time of the final action on the annexation ordinance. *Brookfield,* 274 Wis. at 642-43, 80 N.W.2d at 802. The purpose of the four-week waiting period was to permit people to add or withdraw their names prior to the final action on the ordinance. The legislative response to *Brookfield* eliminated the four-week waiting period, required that the qualifications of owners be determined at the time of filing the petition and prohibited petitioners from withdrawing their names.

■

Based on these legislative responses, we conclude that the obvious purpose of § 66.021, STATS., was to make the decision to authorize the annexation irrevocable upon submission of the petitions to the city council. That is, this decision cannot be revoked by the withdrawal of a requisite number of signatures, nor by the withdrawal of the petition itself. Further, the fact that the legislative response to *Brookfield* eliminated the only method of withdrawing a petition, i.e., the withdrawal of the requisite number of names, and did not provide any other procedure for doing so provides additional support for the premise that the legislature did not intend to permit the withdrawal of annexation petitions.

■

Accordingly, we conclude that § 66.021(4), STATS., prohibits the withdrawal of an annexation petition,

and the City's enactment of the ordinance annexing the Danens' property was, therefore, valid.[3]

*By the Court.*—Judgment affirmed.

---

[3] As a result of this outcome, we need not address the parties' stipulation that a portion of the property in question would remain with the City regardless of the outcome.