*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAURA GROSS,

Plaintiff-Appellant,

UNPUBLISHED
April 20, 2023

v

SINDBAD'S INC,

Defendant-Appellee.

No. 360095
Wayne Circuit Court
LC No. 20-002418-NO

Before: GARRETT, P.J., and K. F. KELLY and HOOD, JJ.

PER CURIAM.

Plaintiff Laura Gross fell on a tile floor at defendant Sindbad's restaurant and claimed that Sindbad's was negligent because the tile was inherently slippery. The trial court granted Sindbad's motion for summary disposition after concluding that Gross failed to present sufficient evidence to create a material factual dispute about the existence of a hazardous condition. We agree with the trial court's ruling and, therefore, affirm.

## I. BACKGROUND

The facts in this case are largely undisputed. On December 14, 2019, Gross visited Sindbad's for dinner. After eating dinner, Gross left the table and walked toward the bar to find the bathroom. An employee standing near the bar asked Gross if she was looking for the bathroom, and after Gross said yes, the employee directed Gross to the right. When Gross took a step to the right, she immediately slipped and fell on the tile floor. Gross sustained injuries from the fall.

Soon after, Gross filed suit, alleging that Sindbad's was negligent and breached its duty of care owed to Gross by maintaining a hazardous and slippery floor on which she fell. Sindbad's moved for summary disposition under MCR 2.116(C)(10) and argued that Gross's case rested entirely on impermissible speculation about how she fell. Specifically, Sindbad's alleged that Gross failed to satisfy the causation element of a negligence claim because she proffered that the floor was slippery without presenting evidence to corroborate her assertion. In response, Gross argued that her deposition testimony alone created a genuine issue of material fact as to whether the floor was inherently slippery. The trial court granted Sindbad's motion, concluding that

-1-

Gross's mere assertion that the floor was slippery was insufficient to survive summary disposition. Gross unsuccessfully moved for reconsideration and now appeals.

## II.  LEGAL ANALYSIS

Gross argues that the trial court erred by granting summary disposition to Sindbad's, and by denying her motion for reconsideration, because there is a genuine issue of material fact whether the tile floor was inherently slippery.

## A.  STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary disposition de novo, and we consider its decision on a motion for reconsideration for an abuse of discretion. *Yoost v Caspari*, 295 Mich App 209, 219; 813 NW2d 783 (2012).  De novo review means that we review the legal issue independently, giving "respectful consideration, but no deference" to the trial court's conclusion. *Wasik v Auto Club Ins Assoc*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355848); slip op at 2.  More deferential, the abuse of discretion standard asks whether the trial court's decision falls outside the range of principled outcomes. *Yoost*, 295 Mich App at 219-220.

Under MCR 2.116(C)(10), a trial court may only grant summary disposition if, considering all evidence submitted by the parties in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021).  The moving party bears the initial burden of production, which may be satisfied by establishing that "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto v Cross & Peters Co*, 451 Mich 358, 361-362; 547 NW2d 314 (1996).  Once met, "[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id*. at 362.  The nonmoving party must "set forth specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his or her pleading." MCR 2.116(G)(4).  "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

## B.  PREMISES LIABILITY

Gross's claim is one for premises liability because it stems from allegations of a dangerous condition on Sindbad's property that caused Gross's injuries.  See *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 625; 971 NW2d 716 (2021).  "In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006).  In general, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Finazzo v Fire Equip Co*, 323 Mich App 620, 626; 918 NW2d 200 (2018) (quotation marks and citation omitted).  "A premises owner breaches its duty of care when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails

to fix the defect, guard against the defect, or warn the invitee of the defect." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016) (quotation marks and citation omitted).[1]

Gross contends that the trial court erred when it found no material questions of fact sufficient to withstand summary disposition. Gross characterizes the material factual dispute in this case as whether Sindbad's "kitchen floor, itself, was slippery and hazardous to a customer wearing 'regular' rather than non-slip shoes." As an initial matter, there is no record evidence to support Gross's claim that she fell on the kitchen floor. Gross testified that she was walking toward the bar area when an employee directed her to turn right to get to the bathroom. Upon stepping to the right, Gross immediately slipped and fell on a tile floor. Gross's complaint and deposition testimony—the only pertinent record evidence available—make no mention of a fall in the kitchen.[2]

Putting that aside, Gross has not demonstrated that Sindbad's breached any duty to protect Gross from an unreasonable risk of harm caused by a defective condition on the premises. See *Finazzo*, 323 Mich App at 626. Gross alleges that the tile floor was slippery without presenting any evidence of there being a slippery substance or condition on the floor. Gross admitted in her deposition that she did not see anything on the floor after she fell and that her clothes were not wet when she stood back up. Thus, Gross's testimony confirms that she did not trip on any obstruction or slip on a liquid substance that Sindbad's was negligent in causing or allowing to be there. Nevertheless, Gross claimed that she "knew it was slippery tile" that she fell on because she "used to work in the restaurant business" and had to wear non-slip shoes on "the same kind of tile." Again, Gross's conclusory suggestion that the tile floor was unsafe to traverse without non-slip shoes does not establish a genuine issue of material fact whether a dangerous condition existed on the premises. Gross presented no evidence concerning what facts or features of the tile floor made it unreasonably slick. For instance, Gross did not testify that the floor was hazardous because it was over-waxed, nor did she explain what act or omission by Sindbad's led to the purportedly defective floor. Instead, Gross makes a circular argument that the floor was slippery because she knew it was slippery. Gross's testimony that the floor was slippery, standing alone, does not establish any negligence by Sindbad's. A party "opposing a motion for summary disposition must present more than conjecture and speculation to meet [its] burden of providing evidentiary proof establishing a genuine issue of material fact." *Fields v Suburban Mobility Auth for Regional Transp*, 311 Mich App 231, 237-238; 874 NW2d 715 (2015) (quotation marks and citations omitted). Gross has failed to meet her burden.

Even assuming Gross could establish a material factual dispute on the element of breach, Gross's claim similarly lacks evidence to show causation. "[A]t a minimum, a causation theory must have some basis in established fact." *Skinner v Square D Co,* 445 Mich 153, 164; 516 NW2d

---

[1] The parties do not dispute that Gross, as a customer at Sindbad's, was an invitee on Sindbad's property. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000) ("[I]nvitee status is commonly afforded to persons entering upon the property of another for business purposes.").

[2] Photographs of the restaurant are referenced throughout Gross's deposition, but no photographs were offered as evidence by Gross in opposition to Sindbad's motion for summary disposition.

475 (1994). "The mere possibility that a defendant's negligence may have been the cause, either theoretical or conjectural, of an accident is not sufficient to establish a causal link between the two." *Id*. at 165 (quotation marks and citation omitted). Viewing the evidence in a light most favorable to Gross, her deposition testimony established—at most—the "mere possibility" that her fall was caused by a hazardous slippery floor. See *id*. In many cases, a plaintiff's testimony alone may be sufficient to create a genuine issue of material of fact. See *Kenkel v Stanley Works*, 256 Mich App 548, 558; 665 NW2d 490 (2003). But despite Gross's attempt to characterize her testimony as sufficient to establish a question of fact, all we are left with is speculation and conjecture about the cause of her fall. "We cannot permit the jury to guess" whether Sindbad's alleged negligence caused Gross's injury. *Skinner,* 445 Mich at 166 (quotation marks and citation omitted). Therefore, we conclude that the trial court did not err by granting Sindbad's motion for summary disposition under MCR 2.116(C)(10).

Gross's arguments concerning the trial court's denial of her motion for reconsideration rest entirely on her arguments about summary disposition. In her motion for reconsideration, Gross argued that the trial court erroneously granted Sindbad's motion for summary disposition because a reasonable jury could infer that Sinbad's breached its duty to Gross and caused her to fall. The trial court did not improperly resolve a question of fact on breach and causation where, as discussed earlier, none existed. Since the trial court did not err in granting Sindbad's motion for summary disposition, the trial court also properly denied Gross's motion for reconsideration.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Noah P. Hood