IN RE the ANNEXATION OF the SMITH PROPERTY:

TOWN OF CAMPBELL, Plaintiff-Respondent,†

v.

CITY OF LA CROSSE, Defendant-Appellant. [Case No. 00-1913.]

IN RE the ANNEXATION OF the BECKER PROPERTY:

TOWN OF CAMPBELL, Plaintiff-Respondent,†

v.

CITY OF LA CROSSE, Defendant-Appellant. [Case No. 00-1914.]

IN RE the ANNEXATION OF the McCORMICK PROPERTY:

TOWN OF CAMPBELL, Plaintiff-Respondent,†

v.

CITY OF LA CROSSE, Defendant-Appellant. [Case No. 00-1915.]

IN RE the ANNEXATION OF the EDWARDS PROPERTY:

TOWN OF CAMPBELL, Plaintiff-Respondent,†

v.

CITY OF LA CROSSE, Defendant-Appellant. [Case No. 00-1916.]

† Petition to review denied 12-17-01.

Court of Appeals

*Nos. 00–1913 through 00–1916. Submitted on briefs February 12, 2001.—Decided August 20, 2001.*

**2001 WI App 201**

(Also reported in 634 N.W.2d 840.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Patrick J. Houlihan*, city

attorney of La Crosse, and *Terence R. Collins* and *Cheryl M. Gill* of *Collins, Quillin & Knothe, Ltd.* of La Crosse.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John D. Claypool* of *Herrling, Clark, Hartzheim & Siddall, Ltd.* of Appleton.

A nonparty brief was filed by *Claire Silverman* of *League of Wisconsin Municipalities* of Madison for League of Wisconsin Municipalities.

A nonparty brief was filed by *H. Stanley Riffle* of *Arenz, Molter, Macy & Riffle, S.C.* of Waukesha for Wisconsin Towns Association.

Before Vergeront, P.J., Dykman and Lundsten, JJ.

¶ 1. LUNDSTEN, J.    The Town of Campbell filed four suits against the City of La Crosse, challenging four ordinances which annexed certain properties in the Town to the City. The Town challenged the validity of the annexations on the basis that the annexed property did not meet the contiguity requirement of WIS. STAT. § 66.021(2) (1995–96),[1] and moved for summary judgment. The trial court granted summary judgment in each case in favor of the Town. The City appeals all four judgments. The appeals have been consolidated for disposition in this court. For the following reasons, we reverse and remand.

---

[1] All references to the Wisconsin Statutes are to the 1995–96 version unless otherwise noted. The statute at issue was renumbered in part, effective January 1, 2001. WISCONSIN STAT. § 66.021(2) is now designated WIS. STAT. § 66.0217(3). WIS. STAT. ANN. § 66.021 (West Supp. 2000).

### Background

¶ 2. In late 1996 and early 1997, the City of La Crosse annexed by ordinance four different properties from the Town of Campbell. In the pertinent geographic area, the Black River is about 800 feet wide[2] and it separates the shore of the Town from the shore of the City. A bridge spans the Black River several hundred feet to the south of the southernmost disputed annexed property. The bridge does not directly connect the City to any of the annexed properties and at no point do the dry lands of the City and the annexed properties meet.

¶ 3. All annexations were made pursuant to a petition for direct annexation. WISCONSIN STAT. § 66.021(2)(a) governs petitions for direct annexation. It provides that "territory contiguous to any city or village may be annexed thereto" under various conditions not at issue here. WIS. STAT. § 66.021(2).[3]

---

[2] The parties suggest that the width of the Black River in the relevant geographic area is somewhere between 400 and 1000 feet wide. A scaled map in the record indicates it is approximately 800 feet wide.

[3] Former WIS. STAT. § 66.021 reads in relevant part:

(2) METHODS OF ANNEXATION. Subject to s. 66.023(7), territory contiguous to any city or village may be annexed thereto in the following ways:

(a) *Direct annexation.* A petition for direct annexation may be filed with the city or village clerk if it has been signed by either of the following:

1. A number of qualified electors residing in the territory subject to the proposed annexation equal to at least the majority of votes cast for governor in the territory at the last gubernatorial election, and either of the following:

¶ 4. Shortly after the annexations, the Town filed four lawsuits challenging the validity of the four ordinances passed by the City annexing the properties at issue. In its motion for summary judgment, the Town argued that the Black River separates the annexed properties from the City and, therefore, the properties are not "contiguous" to any part of the City as required by WIS. STAT. § 66.021(2). In the Town's view, the City has simply reached over the river at various points and improperly annexed land that is not in direct contact with the City.

¶ 5. After hearing arguments, the trial court granted the Town's motion for summary judgment. Relying upon *Town of Delavan v. City of Delavan*, 176 Wis. 2d 516, 500 N.W.2d 268 (1993), the trial court determined that the annexed properties and the City were neither touching, nor close enough to be contiguous, and invalidated all four annexations.

### Discussion

¶ 6. The sole issue on appeal is whether the trial court erred when it granted the Town of Campbell's motion for summary judgment on the basis that the

a. The owners of one-half of the land in area within the territory.

b. The owners of one-half of the real property in assessed value within the territory.

2. If no electors reside in the territory subject to the proposed annexation, by either of the following:

a. The owners of one-half of the land in area within the territory.

b. The owners of one-half of the real property in assessed value within the territory.

951

annexed properties were not "contiguous" to the City of La Crosse within the meaning of Wis. Stat. § 66.021(2).

¶ 7.   This court reviews summary judgment decisions *de novo,* applying the same standards as the trial court. *Smith v. Dodgeville Mut. Ins. Co.,* 212 Wis. 2d 226, 232, 568 N.W.2d 31 (Ct. App. 1997). A party is entitled to summary judgment when there are no genuine issues of material fact and that party is entitled to judgment as a matter of law. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).

¶ 8.   The construction of a statute and its application to undisputed facts are questions of law which we determine *de novo. Smith,* 212 Wis. 2d at 233. The guiding principle in statutory construction is to discern legislative intent. *State v. Irish,* 210 Wis. 2d 107, 110, 565 N.W.2d 161 (Ct. App. 1997). We first look to the language of the statute itself and attempt to interpret it based on "the plain meaning of its terms." *State v. Williquette,* 129 Wis. 2d 239, 248, 385 N.W.2d 145 (1986).

¶ 9.   The City argues that the trial court erred in granting the Town's motion for summary judgment because the borderline separating the City and the Town lies at the center of the riverbed of the Black River and the contiguity requirement does not mean that dry land must meet dry land.

¶ 10.   The Town relies, much as the trial court did, on *Town of Delavan* to support its argument that a body of water destroys contiguity. In consolidated appeals filed after the consolidated appeals in this case, and involving the same parties and same geographic area,

952

the Town points to *State v. Trudeau*, 139 Wis. 2d 91, 101, 408 N.W.2d 337 (1987), for the proposition that the City and the annexed properties are separated by state land because the state owns the riverbed.[4] The Town's reliance on common law is appropriate, but its analysis is flawed.

¶ 11. The term "contiguous" is not defined in WIS. STAT. § 66.021. It is variously defined in WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 492 (unabridged ed. 1993) as "touching along boundaries often for considerable distances," "next or adjoining with nothing similar intervening," "NEARBY, CLOSE: not distant," and "CONTINUOUS, UNBROKEN, UNINTERRUPTED: touching or connected throughout."

¶ 12. In *Town of Delavan*, our supreme court discussed the contiguity requirement and noted "a trend in Wisconsin's courts to require at [a] minimum some significant degree of physical contact between the properties in question." *Town of Delavan*, 176 Wis. 2d at 528. At the same time, it is apparent that the statutory term "contiguous" does not always mean direct physical contact. Twenty years before *Town of Delavan*, the supreme court decided that properties separated by a two-lane public road were "close enough" to be contiguous for purposes of the annexation statute. *Town of Lyons v. City of Lake Geneva*, 56 Wis. 2d 331, 336, 202 N.W.2d 228 (1972).

¶ 13. Here, we need not explore what is "close enough." Whatever else it means, "contiguous" plainly includes properties that are in physical contact and, for

---

[4] Appeal nos. 00–2755 to 00–2771.

the reasons that follow, we find that the annexing and annexed properties in this case are in physical contact along the riverbed.

¶ 14.  The Town's argument that the properties are not in physical contact because the riverbed is owned by the state is based on a misreading of *Trudeau*. The Town points to a portion of the *Trudeau* decision that seems to say that the beds of all bodies of water are owned by the state:

> "The title to the beds of all lakes and ponds, and of rivers navigable in fact as well, *up to the* line of ordinary high-water mark, within the boundaries of the state, became vested in it at the instant of its admission into the Union, in trust to hold the same so as to preserve to the people forever the enjoyment of the waters of such lakes, ponds, and rivers, to the same extent that the public are entitled to enjoy tidal waters at the common law." (Emphasis added.)

*Trudeau*, 139 Wis. 2d at 101 (quoting *Illinois Steel Co. v. Bilot*, 109 Wis. 418, 425, 84 N.W. 855 (1901)). But further examination reveals that all bodies of water are not treated the same.

¶ 15.  The state has title to submerged lands beneath natural lakes and owners of land abutting natural lakes own only up to the ordinary high-water mark. *R.W. Docks & Slips v. State*, 2001 WI 73, ¶ 19, 244 Wis. 2d 497, 628 N.W.2d 781 (citing *Trudeau*, 139 Wis. 2d at 101); *Mayer v. Grueber*, 29 Wis. 2d 168, 173, 138 N.W.2d 197 (1965). But *Trudeau* itself clarifies that riverbeds are not normally owned by the state.

¶ 16.  The *Trudeau* court explained that although the state " 'holds the beds underlying navigable waters

in trust for all of its citizens,' " the state's role as trustee is subject to the " 'qualification that a riparian owner on the bank of a navigable stream has a qualified title in the stream bed to the center thereof.' " *Trudeau*, 139 Wis. 2d at 101 (quoting *Muench v. Public Service Comm'n*, 261 Wis. 492, 501–02, 53 N.W.2d 514 (1952)). That a riparian owner holds title to the thread, or the geographical center, of a stream is an oft-repeated proposition of law in this state. *See, e.g., State v. Deetz*, 66 Wis. 2d 1, 11, 224 N.W.2d 407 (1974); *Mayer*, 29 Wis. 2d at 173; *Klingeisen v. DNR*, 163 Wis. 2d 921, 928, 472 N.W.2d 603 (Ct. App. 1991).

¶ 17. The Town's reliance on *Town of Delavan* is unavailing because that case involved a lake, not a river. We briefly address that decision.

¶ 18. In *Town of Delavan*, the supreme court found that annexed property was not "contiguous," but nonetheless declined to void the annexation based on the "principle of *de minimis*." *Town of Delavan*, 176 Wis. 2d at 530. The annexed property was a peninsula separated from the annexing municipality by about 400 feet of Lake Delavan. *Id.* at 528. In finding that the peninsula was not "contiguous" within the meaning of Wis. Stat. § 66.021(2), the court stated that it would not expand the definition of "contiguous" to "place distant lakeshore property owners at risk of being annexed by neighboring municipalities." *Id.* at 529. The supreme court's treatment of the annexed peninsula as a "distant lakeshore" is consistent with Wisconsin common law, set forth above, providing that lake beds are owned by the state. Moreover, no one in *Town of Delavan* suggested that the properties met under the lake. Rather, the annexing municipality unsuccessfully argued that

the lake should be treated as a "navigable highway," like the road in *Town of Lyons*. *Town of Delavan*, 176 Wis. 2d at 528.

¶ 19.   We find no authority for the proposition that a river running over the point of contact renders properties non-contiguous, and there is nothing in the record to suggest that the Black River is anything but a river at the points in controversy. Therefore, we find that the property of the City meets the annexed properties at the center of the riverbed of the Black River. It follows that the annexed properties are "contiguous" to the City within the meaning of WIS. STAT. § 66.021(2). We reverse the trial court's order granting the Town's motions for summary judgment and remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.